FRED MOORE AND JEREMIAH HURLEY *vs.* ALTON ARCHER.

## Hancock. Opinion July 10, 1908.

*Nonsuit. Exceptions. Trespass Quare Clausum. Entry upon Locus by Defendant Must be Shown. Report of Evidence. Amendment of Same. Omitted Evidence.*

1. Upon exceptions to an order of nonsuit, the question is whether the report of the evidence contains evidence sufficient to prove all the propositions essential to the maintenance of the action. If any one of those propositions is not supported, by the evidence reported, the exceptions must be overruled.

2. If the report of the evidence upon exceptions to an order of nonsuit does not contain essential evidence actually introduced at the trial, it may be amended by the presiding Justice to include such evidence; but if the evidence was not thus actually introduced, the fact that it was omitted because of an understanding that the proposition to be proved by it was admitted, does not authorize the report to be amended to include such evidence, unless by consent.

3. In an action of trespass quare clausum, evidence of an entry upon the locus by the defendant is essential to the maintenance of the action, and if the plaintiff rests his case without such evidence a nonsuit is properly ordered, though the plaintiff omitted to introduce the evidence because of a justifiable understanding that the entry was omitted. If upon such order the plaintiff elects to except to the order, instead of asking leave to re-open the case and introduce the evidence, his exceptions must be overruled.

On exceptions by plaintiffs.    Overruled.

Trespass quare clausum fregit brought by the plaintiff against the defendant, alleging that the defendant on February 12, 1908, with force and arms broke and entered the plaintiffs' close situate in Plantation No. 8, Hancock County, and then and there cut down and carried away certain wood and lumber then and there growing.    Plea, the general issue with brief statement alleging as follows :

" 1.    If he was cutting or doing other acts on said premises, described in plaintiffs' writ at any time, he was so acting by authority of and under permission from Lynwood F. Giles.

" 2.    That said Lynwood F. Giles is vested with legal title to the premises described in the writ of plaintiffs, and was so vested at and before the time alleged, that the trespass was committed."

The action came on for trial at the April term, 1908, Supreme Judicial Court, Hancock County.    At the conclusion of the plaintiff's evidence the presiding Justice, upon motion of the defendant, made the following order :

" Nonsuit for the defendant is ordered with stipulation on his part that if the Law Court overrules this order, then the defendant agrees that judgment may be entered for the plaintiffs in the sum of ten dollars and costs."    To this order the plaintiffs excepted.

The case appears in the opinion.

*D. E. Hurley*, for plaintiffs.

*L. F. Giles*, for defendant.

SITTING : EMERY, C. J., SAVAGE, PEABODY, CORNISH, KING, BIRD, JJ.

EMERY, C. J.    This was an action of trespass quare clausum. The plaintiffs having put in their evidence and rested, the defendant moved for a nonsuit and stipulated that if the Law Court should find that the evidence would sustain the action it might order judgment for the plaintiffs with damages assessed at ten dollars.    A nonsuit was ordered and the plaintiffs brought the case to the Law Court on exceptions to that order.

At the oral argument the defendant claimed that there was no evidence that he or his servants had made any entry at all upon the land described in the writ. The plaintiffs claimed that it was the understanding at the trial that the entry was admitted and that the only question in the case was the sufficiency of the plaintiffs' title and possession to maintain the action. The defendant however would not admit that such was the understanding. While from all the circumstances it does seem probable that the entry was not understood to be in dispute yet there was no evidence of entry in the record before us. The general issue was pleaded which put the entry directly in issue. In his brief statement and in his admissions of record, the defendant carefully avoided admitting the entry as a fact. His willingness to have judgment go against him in case the plaintiffs' evidence showed a cause of action would seem to indicate that he reserved all points as to the sufficiency of the evidence.

But whatever the fact may be, or whatever the understanding was, the only question before us is whether the evidence shows that the order of nonsuit was erroneous. Inasmuch as that evidence fails to show the fact of entry, a fact essential to the maintenance of the action, the nonsuit was rightly ordered.

If, as seems probable, the plaintiffs omitted proving the entry because of their justifiable understanding that it was and would be admitted, there seems to be no way to relieve them as the case is presented. There was a ruling on the evidence. There is no suggestion that the bill of exceptions does not present the question ruled upon fairly and fully. If the exceptions be dismissed or discharged, instead of being considered and overruled, that ruling remains in force; the nonsuit stands. The plaintiffs only remedy would seem to be to bring a new action and at the trial prove what is not expressly admitted on the record.

*Exceptions overruled.*